OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment dismissed.
 

 The testimony of the prosecution in this circumstantial case, when viewed in its most favorable light
 
 (People v Benzinger,
 
 36 NY2d 29), indicates that the defendant was walking down the street with someone who was to later enter into a transaction with an undercover police officer for the sale of heroin. There was no proof that the defendant was involved in any conversation with regard to the transaction and, in fact, he
 
 *873
 
 was not present when and precisely where the alleged sale took place. The inference which may be drawn from the additional proof that he was observed shortly thereafter receiving money from his codefendant is not sufficient to supply the minimum required to establish guilt beyond a reasonable doubt. There are too many reasonable hypotheses which would explain the receipt of money and which are consistent with innocence
 
 (People v Montanez,
 
 41 NY2d 53;
 
 People v Williams,
 
 35 NY2d 783).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order reversed, etc.