■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DORDAL, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 4, 1980, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first and third degrees, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, and vacating the sentences imposed thereon, and those counts of the indictment are dismissed. As so modified, judgment affirmed. The testimony of the prosecution in this circumstantial evidence case, when viewed in its most favorable light (see *People v Benzinger,* 36 NY2d 29), indicates that the defendant was seen speaking with his codefendant, who later entered into a transaction with an undercover police officer for the sale of cocaine. Defendant was then observed driving the codefendant and another individual away from the Tarrytown Hilton Inn (the site of the proposed drug sale) and returning with his passengers some 10 minutes later. After the codefendant exited his vehicle carrying a black bag, defendant entered the hotel lobby and was arrested while he sat there. At the time of his arrest, defendant was armed. The defendant was not present when and precisely where the alleged sale took place. The fact that defendant was present near the scene of the crime and was armed was, in and of itself, insufficient to support convictions with respect to the sale and possession of cocaine; defendants knowing and unlawful possession and sale of the cocaine cannot be inferred from the fact that he was the armed driver of the car which transported his codefendant to and from the hotel (see *United States v Steward,* 451 F2d 1203, 1207). In our view, the facts of the instant case do not exclude every reasonable

hypothesis of innocence to a moral certainty (see *People v Cohen,* 43 NY2d 872, 873). Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.